UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY CORNACCHIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UKG INC. and TUFTS MEDICAL CENTER, INC.<br><br>Defendants. | Civil Action No. 4:22-cv-40081-ABD |

**FINAL JUDGMENT AND DISMISSAL**

WHEREAS, Plaintiff Mary Cornacchia, individually and on behalf of others allegedly similarly situated (the "Settlement Class") and Defendant Tufts Medical Center, Inc. ("Tufts"), having moved for final approval of a proposed class action and collective action settlement;

WHEREAS, due and adequate notice having been given to the Settlement Class, a hearing having been held on July 24, 2024, and the Court having considered the Settlement Agreement, Plaintiff's Uncontested Motion for Final Approval of Class Action Settlement and upon Plaintiff's Uncontested Motion for Attorneys' Fees, Expenses, and Service Award Payment and supporting documents, all papers filed and proceedings had herein, and any oral and written comments received regarding the proposed settlement, and having reviewed the record in this litigation, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

1. For purposes of this Final Judgment and Dismissal ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the litigation, the Plaintiff, the Class Members, and the Released Persons (the "Settling Parties").

3. The Court finally certifies, for settlement purposes only, the FLSA Collective. "FLSA Collective" means all hourly employees of Tufts Medical Center, Inc. who, according to Tufts's records, did not receive timely payment of wages as a result of the Data Breach and who consent to join this settlement by completing and returning a valid and timely FLSA Consent Form.

4. The Court finally certifies, for settlement purposes only, the Massachusetts Wage Act Class. "Massachusetts Wage Act Class" means all hourly employees of Tufts Medical Center, Inc. who, according to Tufts's records, did not receive timely payment of wages as a result of the Data Breach.

5. The Court appoints Mary Cornacchia as Class and Collective Action Representative (the "Class Representative Plaintiff").

6. The Court appoints Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Sheff & Cook, LLC, Gordon Law Group, LLP, and McDonald Lamond Canzoneri LLC as class counsel (collectively "Class Counsel").

7. The Court finds that notice was provided to Collective and Class Members in compliance with the Preliminary Approval Order, Settlement Agreement, Federal Rule of Civil Procedure 23 and due process.

8. The Court finds that the Settling Parties adequately performed their obligations under the Settlement Agreement.

9. The Court finds that the Settlement is the product of arm's length settlement negotiations between the Settling Parties and is procedurally fair.

10. The Court finds and concludes that the Settlement is substantially fair, reasonable, and adequate and should be approved.

11. The Court finds that the requested Service Award is reasonable to compensate the Class Representative Plaintiff. Accordingly, the Court hereby approves a Service Award of $8,500.00 for the Class Representative Plaintiff.

12. The Court hereby approves Class Counsel's request for $121,882.65 in attorneys' fees and $7,436.13 in litigation expenses as fully justified in light of the substantial recovery, the hours expended, the reasonable hourly rates charged by Class Counsel, and the excellent work of Class Counsel.

13. The Court hereby approves a payment of $8,664.92 to CAC Service Group, LLC, the Settlement Administrator, for its work in this litigation.

14. The Settlement Administrator shall make all required payments pursuant to the Settlement Agreement.

15. The Clerk shall mark the above-captioned case dismissed with prejudice against Tufts and dismissed without prejudice against the remaining Defendants.

16. Without affecting the finality of this Order, the Court retains jurisdiction for the purposes of enabling the Settling Parties to apply to this Court for such further orders or guidance as may be necessary for the construction, modification, or enforcement of the Settlement Agreement or this Final Approval Order and Judgment.

IT IS SO ORDERED on this <u>24</u> day of <u>July</u>, 2024

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE